**Todd M. Friedman (216752)**
**Suren N. Weerasuriya (278521)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr. #725**
**Beverly Hills, CA 90212**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**sweerasuriya@attorneysforconsumers.com**
**abacon@attorneysforconsumers.com**

*Attorneys for Plaintiff,*
Will Davis

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILL DAVIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>            **Plaintiffs,**<br><br>                     **v.**<br><br>**NATIONSTAR MORTGAGE, LLC,**<br><br>            **Defendant.** | **Case No.:**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1.  **VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br>2.  **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br>3.  **VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>4.  **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Plaintiff WILL DAVIS ("Plaintiff"), by and through his attorneys, brings this class action against NATIONSTAR MORTGAGE, LLC (hereinafter "Defendant" or "Nationstar"). This action is based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.,* violations of the California Consumer Credit Reporting Agencies Act, Cal Civ Code §1785, et seq. ("CCCRA"), violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. ("RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Defendant systematically violated the rights of consumers who applied for loan modifications on their mortgages with Defendant by inaccurately reporting their mortgages as delinquent to the various Credit Reporting Agencies, when in fact these mortgages had been modified by the terms of a contractually binding temporary payment plan agreement.

3. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, accuracy and

a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

4. Plaintiff") brings this class action complaint to challenge the actions of NATIONSTAR MORTGAGE, LLC. ("Defendant") with regard to Defendant's inaccurate reporting of a delinquent account on Plaintiff's and other similarly situated consumers' credit reports.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

8. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

### JURISDICTION AND VENUE

10. This Court has federal question jurisdiction because this case arises out of

violation of federal law. 15 U.S.C. §1681 *et seq.,* and 15 U.S.C. §1692, et seq.

11. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

12. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Contra Costa, State of California, whose credit report was negatively affected by an inaccurate serious delinquency reported on his credit by Defendant.  In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant NATIONSTAR MORTGAGE, LLC is, and at all times mentioned herein was, a national lender, which odes business throughout the State of California, with its principal place of business in the State of Texas, and its State of Incorporation in the State of Delaware.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California. Further,

Defendant regularly provides information to consumer credit reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

18. Plaintiff's existing mortgage loan was transferred from Bank of America, to Defendant, effective on or about September 1, 2013.  Thereafter, Plaintiff applied for a loan modification, and was approved for a Trial Period Plan on October 2, 2013, with a modified monthly payment of $1820.72.

19. The Trial Period Plan between Plaintiff and Defendant was an offer to modify Plaintiff's existing mortgage, tendered by Defendant.

20. Plaintiff accepted Defendant's offer to modify Plaintiff's existing mortgage, and paid consideration thereto.

21. The Trial Period Plan between Plaintiff and Defendant was a contractually binding modification to Plaintiff's mortgage agreement.

22. As part of the Trial Period Plan, Plaintiff's first payment of $1820.72 was due by November 1, 2013.

23. On or around October 22, 2013, Plaintiff wrote a check for the full amount of the first payment.  The check was deducted from his account on October 28, 2013.

24. Plaintiff made two more identical and full payments to Defendant that were deducted from his account on November 19, 2013, and December 17, 2013, respectively.

25. Thereafter, Defendant reported Plaintiff's account as delinquent to several credit reporting agencies.  However, Plaintiff timely made all requisite payments in compliance with the Trial Period Plan, and was not delinquent on his account with Defendant.

26. Plaintiff thereafter disputed the reported delinquency to Defendant and to several credit reporting agencies, including, but not limited to, Transunion, Innovis, Equifax and Experian. Defendant continued to furnish false information to the credit reporting agencies, and failed to perform a reasonable reinvestigation of Plaintiff's dispute and account history to discover its error. Defendant thereafter maintained that Plaintiff's delinquent account status was accurate and that the information on Plaintiff's credit report was correct.

27. Plaintiff notified Defendant that he was disputing the alleged debt owed. This notification to Defendant notwithstanding, Defendant then reported a negative trade line on Plaintiff's credit report. The FCRA and the CCCRA prohibit such conduct. Defendant knew or should have known that said alleged debt owed was being disputed by Plaintiff.

28. Defendant's conduct further violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount or legal status of Plaintiff's debt (§ 1692e(2)(A));

   b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5)); and

   c) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8)).

29. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. Section 1681a(f).

30. Defendant is aware that the credit reporting agencies to which they are providing information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance, or employment.

31. As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff has suffered actual damages, including, but not limited to the fact that Plaintiff's application for a credit card has been denied.

32. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

33. The credit reports have been, and continue to be, disseminated to various persons and credit grantors, both known and unknown.

34. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   A. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

   B. Decreased credit score which may result in inability to obtain credit on future attempts.

35. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

36. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

37. Defendant violated the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a.    Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b.    Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

38. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

39. Further, Defendant failed to notify Plaintiff of their intention to report negative information on his credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

40. As a result of the above violations of the CCCRA, RFDCPA, FDCPA and FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and on behalf of all others

similarly situated (the "Class").

42. The class which Plaintiff seeks to represent is composed of and defined as follows:

> Class:
>
>> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an inaccurate consumer credit report inquiry by Defendant, pertaining to their mortgage modification status, within the five-year period prior to the filing of Plaintiff's Complaint.
>
> California Subclass:
>
>> All members of the Plaintiff Class who are California Residents.

43. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

45. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents reported inaccurate credit information to the Credit Reporting Agencies, pertaining to the status of Class Members' mortgage modifications;

   b. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents performed a reasonable reinvestigation upon receipt of a dispute pertaining to Defendant's reporting on the status of Class Members' mortgage modifications.

   c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations;

   d. Whether Plaintiff and the Class members suffered actual damages as a result of Defendant's conduct;

   e. Whether Plaintiff and the Class members are entitled to statutory damages as a result of Defendant's conduct;

   f. Whether Plaintiff and the Class members are entitled to injunctive relief;

   g. Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees and costs;

   h. Whether Plaintiff will fairly and adequately protect the interest of the

Class; and,

    i.  Whether Plaintiff's counsel will fairly and adequately protect the interest of the Class.

48. As a person who suffered an inaccurate reporting of a delinquent account by Defendant on his credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1692x (FCRA)

*Plaintiff Individually and on Behalf of the Class Against All Defendants*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

55. Defendant violated the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

56. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

57. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable

attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### SECOND CAUSE OF ACTION

#### THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

*Plaintiff Individually and on Behalf of the California Subclass Against All Defendants*

58. Plaintiff incorporates by reference all of the preceding paragraphs.

59. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

60. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

61. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

62. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

63. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages,

attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### THIRD CAUSE OF ACTION

### THE FAIR DEBT COLLECTION PRACTICES ACT

*Plaintiff Individually and on Behalf of the Class Against All Defendants*

64. Plaintiff reincorporates by reference all of the preceding paragraphs.

65. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

66. Based upon the foregoing, Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

   b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

   c) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A)); and

   d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10)).

   e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse (§1692d));

67. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully

68. As a direct and proximate result of Defendant's violations of the FDCPA, U.S.C. 15 § 1692, et seq., Plaintiff and the members of The Class have

suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FDCPA.

69. The violations of the FDCPA, U.S.C. 15 § 1692, et seq., described herein present a continuing threat to members of The Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

70. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## FOURTH CAUSE OF ACTION

### THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

*Plaintiff Individually and on Behalf of the California Subclass Against All Defendants*

71. Plaintiff reincorporates by reference all of the preceding paragraphs.

72. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." Cal. Civ. Code §1788.17

73. Thus by engaging in conduct prohibited by Sections e(2)(A), e(4), e(10) and

d of the FDCPA, Defendant violated the RFDCPA.

74. As a direct proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. Cal. Civ. Code §1788.30.

75. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

- For statutory damages for Plaintiff and each member of The Class pursuant to the FCRA

- For statutory damages for Plaintiff and each member of The California Subclass pursuant to the CCCRA

- For statutory damages of $1,000.00 for Plaintiffs and each member of The California Subclass pursuant to *Cal. Civ. Code* §1788.30.

- For actual damages according to proof;

- For punitive damages;

- An award of any such amount as the court may allow for all other class members, against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and,
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

1. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 23rd day of June, 2015.

By:    /s/ Todd M. Friedman

Todd M. Friedman, Esq.

Law Offices of Todd M. Friedman, P.C.

Attorney for Plaintiff